**Kulbir SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71378.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Kulbir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's decision. Singh's testimony was internally inconsistent, and inconsistent with his supporting documentation concerning, *inter alia,* the length of time he was at the police station after his first arrest, whether he received medical treatment after the first arrest, the manner in which his shoulder was broken, and the identity of All–India Sikh Student Federation members in the photograph provided by Singh. *See Malhi,* 336 F.3d at 992–93; *Singh–Kaur v. INS,* 183 F.3d 1147, 1151–53 (9th Cir. 1999). Moreover, substantial evidence

supports the adverse credibility finding based on Singh's failure to identify himself. *See id.* at 1152–53; *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where the IJ's "credibility findings went to key elements of the asylum application, including identity . . .").

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

As Singh "points to no other evidence that he could claim the [IJ] should have considered in making [her] determination under the Convention Against Torture," his CAT claim must fail along with his asylum claim. *See Farah,* 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

